1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

HENRY BERNARD YOUNG,

                    Defendant.

CASE NO. CR19-5055 BHS

ORDER REQUESTING
SUPPLEMENTAL RESPONSES

          This matter comes before the Court on Defendant Henry Bernard Young's

("Young") emergency motion for compassionate release, Dkt. 30, the Government's

response, Dkt. 34, and Young's reply, Dkt. 35.

          On May 6, 2020, Young filed the instant motion requesting compassionate release

and reduction of his sentence to time served because he alleges he is at a high-risk of

death if he contracts COVID-19.  Dkt. 30.  Young asserts that he filed an administrative

request with the warden of his facility on April 12, 2020.  *Id.* at 2.  As of today, Young

1  asserts that "70% of the total inmate population has tested positive for the virus at the

2  Lompoc Complex," which is where Young is incarcerated.  Dkt. 35 at 2 (citing

3  https://thehill.com/homenews/state-watch/496974-nearly-800-inmates-test-positive-for-

4  covid-19-in-california-federal#bottom-story-socials).

5        On May 6, 2020, the Government responded and in part argued that Young has not

6  waited 30 days from his request to the warden at Lompoc.  Dkt. 34.  The Government

7  asserts that as of April 28, 2020, there was no record of Young's request in the BOP

8  database.  *Id.* at 4 n.2.

9        On May 11, 2020, Young replied and submitted new evidence in support of that

10  reply.  Dkts. 35–35-2.  Young submitted an email to his counsel stating that he submitted

11  his paperwork to the Warden on Sunday, April 12, 2020.  Dkt. 35-1.

12        "[W]here new evidence is presented in a reply to a motion for summary judgment,

13  the district court should not consider the new evidence without giving the non-movant an

14  opportunity to respond."  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

15        In this case, Young has improperly submitted new evidence in support of his

16  reply.  Although the evidence is hearsay and is not accompanied by a declaration of

17  counsel, the Court has no reason to doubt the assertion that Young submitted his request

18  as stated.  As such, the Court requests an expedited response from the Government on the

19  issues of whether the warden received the request or whether the warden is processing the

20  request.  Moreover, if Young did submit his response on April 12, 2020, then 30 days has

21  passed, and the Court could consider his motion.  The Government, however, argues that

22  Young is precluded from filing his motion until 30 days has passed.  Dkt. 34 at 4 ("the

1  statutory directive precluding the filing of such a motion until 30 days have passed since

2  the filing of a request with the warden.").  The Government may also provide additional

3  response to this position because it seems that the statute only precludes Court

4  involvement and not the filing and briefing of a motion during the 30-day window.  The

5  Government may also address any other issue it deems relevant.

6        On the other hand, Young relies heavily on the reasoning in *Wilson v. Williams*,

7  4:20-CV-00794, 2020 WL 1940882 (N.D. Ohio Apr. 22, 2020) where the district court

8  granted a habeas petition under 28 U.S.C. § 2241 and ordered Bureau of Prison officials

9  to transfer high-risk inmates out of the facility "through any means, including but not

10  limited to compassionate release, parole or community supervision, transfer furlough, or

11  non-transfer furlough within two (2) weeks." *Id.* at 10.  The Sixth Circuit refused to stay

12  this order pending appeal.  *Wilson v. Williams*, 4:20-CV-00794, 2020 WL 2308441, at *1

13  (N.D. Ohio May 8, 2020) ("the Sixth Circuit denied Respondents' request for an

14  administrative stay.").  Since Young relies on *Wilson*, the Court requests a supplemental

15  response from Young on whether he has filed a habeas action seeking immediate transfer

16  from Lompoc.  Upon review of the relevant authorities, it seems that, at this time,

17  proving the likelihood of success on a violation of the Eight Amendment is an easier

18  burden to meet than the burden of compassionate release because this Court's only option

19  appears to be a complete reduction in the sentence imposed.  Young may also file

20  evidence in support of an actual and adequate release plan in response the Government's

21  request that the Court "extend the period of supervision and impose additional conditions

22  of release to account for the reduction in sentence." Dkt. 34 at 19.

1    Responses, if any, are due no later than May 14, 2020.

2    **IT IS SO ORDERED**.

3    Dated this 12th day of May, 2020.

4

5                                        _____

6                                        BENJAMIN H. SETTLE
                                         United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4