1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

UNITED STATES OF AMERICA,

CASE NO. CR19-5055 BHS

11

Plaintiff,

v.

12

HENRY BERNARD YOUNG,

ORDER GRANTING
DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE

13

Defendant.

14

15

This matter comes before the Court on Defendant Henry Bernard Young's

16

("Young") emergency motion for compassionate release, Dkt. 30, the Government's

17

response, Dkt. 34, and Young's reply, Dkt. 35.

18

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

19

On April 16, 2019, Young plead guilty to one count of possession with intent to

20

distribute 100 grams or more of a mixture and substance containing a detectable amount

21

of heroin.  Dkt. 20.

22

1     On July 10, 2019, the Court sentenced Young to 60 months of incarceration

2  followed by 5 years of supervised release.  Dkt. 27.

3     On May 1, 2020, Young filed the instant motion requesting compassionate release

4  and reduction of his sentence to time served because he alleges he is at a high-risk of

5  death if he contracts COVID-19.  Dkt. 30.  Young asserts that he filed an administrative

6  request with the warden of his facility on April 12, 2020.  *Id.* at 2.  As of today, Young

7  asserts that "70% of the total inmate population has tested positive for the virus at the

8  Lompoc Complex," which is where Young is incarcerated.  Dkt. 35 at 2 (citing

9  https://thehill.com/homenews/state-watch/496974-nearly-800-inmates-test-positive-for-

10  covid-19-in-california-federal#bottom-story-socials).

11     On May 6, 2020, the Government responded and in part argued that Young has not

12  waited 30 days from his request to the Warden at Lompoc.  Dkt. 34.  The Government

13  asserts that as of April 28, 2020, there was no record of Young's request in the BOP

14  database.  *Id.* at 4 n.2.  The Government also filed a motion for leave to file an overlength

15  brief, Dkt. 33, which the Court grants.

16     On May 11, 2020, Young replied and submitted new evidence in support of that

17  reply.  Dkts. 35–35-2.  Young submitted an email to his counsel stating that he submitted

18  his paperwork to the Warden on Sunday, April 12, 2020.  Dkt. 35-1.

19     On May 12, 2020, the Court requested supplemental briefing on certain issues and

20  gave the Government an opportunity to respond to Young's new evidence.  Dkt. 36.

21     On May 12, 2020, Young filed a supplemental response.  Dkt. 37.  On May 14,

22  2020, Young filed another supplement attaching what he asserts is the letter he wrote to

1  the Warden setting forth his position for compassionate release, Dkt. 38, and the

2  Government filed a supplemental response.  Dkt. 39.

3       On May 15, 2020, the Court, at the request of Young's counsel, renoted Young's

4  motion for consideration on the Court's May 22, 2020 calendar.  Dkt. 40.

5       On May 18, 2020, the Probation Office approved Young's release plan of living

6  with his daughter here in Tacoma, Washington.

7       On May 20, 2020, Young filed a supplemental brief, Dkt. 41, a declaration of

8  counsel, Dkt. 42, and a notice of supplemental authority, Dkt. 43.

9                              **II.   DISCUSSION**

10 **A.    Law**

11      Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence

12 of imprisonment "constitutes a final judgment and may not be modified by a district court

13 except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010)

14 (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C.

15 § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended

16 § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district

17 court for compassionate release:

18          (A) the court, upon motion of the Director of the Bureau of Prisons,
           or upon motion of the defendant after the defendant has fully exhausted all
19          administrative rights to appeal a failure of the Bureau of Prisons to bring a
           motion on the defendant's behalf or the lapse of 30 days from the receipt of
20          such a request by the warden of the defendant's facility, whichever is
           earlier, may reduce the term of imprisonment (and may impose a term of
21          probation or supervised release with or without conditions that does not
           exceed the unserved portion of the original term of imprisonment), after

22

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
        (i) extraordinary and compelling reasons warrant such a reduction;
***
        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

        The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

        [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
        (1)(A) Extraordinary and compelling reasons warrant the reduction;
***
        (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
        (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

## B.   Young's Motion

        The Government opposes Young's motion arguing that Young has failed to satisfy the prerequisites for filing his motion and that Young's request fails on the merits.

1    **1.     Thirty Days**

2           The Government argues that Young has failed to establish that thirty days have

3    passed since he sent a request for compassionate release to the warden.  Dkt. 34 at 4–9.

4    Young submitted a copy of the letter he claims that he sent to the warden dated April 10,

5    2020.  Dkt. 38-1 at 2–4.  The Government counters with a declaration from the prison

6    official in charge of processing requests for compassionate release at Lompoc, and she

7    declares that the prison's database "contains no record of [Young] having submitted any

8    request for compassionate release."  Dkt. 39-1 at 1.  Confronted with the apparently

9    conflicting evidence, the Court credits Young's representation, which is based on direct

10   knowledge rather than failure to confirm the existence of a filing from over a month ago.

11   Therefore, the Court concludes that Young has established this prerequisite for relief.

12   **2.     Merits**

13          Because Young was not sentenced under 18 U.S.C. § 3559(c), only sections

14   (1)(A), (2), and (3) of the Sentencing Commission's policy statement are relevant to his

15   motion. Thus, under the policy statement, Young is entitled to relief if he demonstrates

16   that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a

17   danger to the safety of others or the community, and (3) any requested reduction is

18   consistent with the policy statement.  *See* USSG § 1B1.13(1)(A), (2), (3).

19          **a.     Extraordinary and Compelling**

20          The Government does not forcefully contest this element.  Despite the best efforts

21   of prison officials and employees constructing and implementing a pandemic response

22   plan, over 70% of the inmates at Lompoc have been infected with COVID-19.  The Court

1   need not thoroughly discuss the virus because what is known today could easily change

2   by tomorrow, for the better or the worse.  Similarly, much has been written about the

3   impact of the virus, which is easily considered an extraordinary event.  Young establishes

4   a compelling reason because of his age and his underlying health issues, which places

5   him in a high-risk category for death if he contracts the virus.  As detailed in his motion,

6   Young is a 64-year-old African-American who suffers from hypertension and chronic

7   kidney disease.  Based on what is currently known about the virus, these facts place

8   Young at a higher risk for severe illness, complication, or death if he were to contract the

9   virus.  Therefore, the Court concludes that he has established both extraordinary and

10   compelling reasons to warrant a sentence reduction.

11           **b.**       **Danger to Society or Others**

12         Having found that extraordinary and compelling circumstances exist, the Court

13   turns to whether Young presents a danger to the safety of any other person or to the

14   community.  *See* U.S.S.G. § 1B1.13(2).  In making this determination, the Court looks to

15   the nature and circumstances of Young's underlying offense, the weight of evidence

16   against him, his history and characteristics, and the nature and seriousness of the danger

17   his or her release would pose to any person or the community.  *See* 18 U.S.C. § 3142(g).

18         In this case, the Court must balance Young's history with his current

19   circumstances.  Young's record evidences a long battle with addiction, which no doubt

20   led to his current crime of possession with intent to distribute substantial quantities of

21   heroin and cocaine.  Thus, the main danger Young presents is possessing and distributing

22   drug again.  In light of Young's advanced age and health problems, the Court finds that

this danger is minimal.  This danger can also be reduced by imposing appropriate

conditions of release, as set forth below.  Moreover, Young is well aware of the fact that

if he does commit another crime, the Court will most likely remand Young to custody.

Finally, the Government conceded at sentencing that Young presents a reduced risk of

recidivism.  Dkt. 24 at 4 ("The government further notes that the defendant accepted full

responsibility for his crimes from the time of his arrest. This factor, and the defendant's

age, provide some indication of a reduced risk of recidivism in the future.").  Therefore,

having considered the factors set forth by 18 U.S.C. § 3142(g), the Court finds that Mr.

Young would not pose a danger to the safety of any other person or to the community

upon release.

### c.    18 U.S.C. § 3553(a) Factors

"Having found that that Mr. Cosgrove's age and health constitute extraordinary

and compelling reasons warranting compassionate release and that he poses no danger to

others or to the community, the Court must now consider the factors set forth in 18

U.S.C. § 3553(a)."  *United States v. Cosgrove*, CR15-230-RSM, 2020 WL 1875509, at

*4 (W.D. Wash. Apr. 15, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13).

The relevant factors include (i) "the nature and circumstances of the offense and the

history and characteristics of the defendant"; (ii) the need for the sentence imposed to

reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; to adequately deter criminal conduct; to protect the public

from further crimes of the defendant; and to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the

1    most effective manner; (iii) "the need to avoid unwarranted sentence disparities among

2    defendants with similar records who have been found guilty of similar conduct"; (iv) the

3    sentencing guidelines; and (iv) "the need to provide restitution to any victims of the

4    offense."  18 U.S.C. § 3553(a).

5          In this case, the majority of the factors weigh against compassionate release.  For

6    example, selling heroin and cocaine is a horrendous act that has substantial adverse

7    effects on the community, the reduction of a five-year sentence to approximately one year

8    of time served would create a sentence disparity and undermine the purpose of the

9    sentencing guidelines, and releasing Young now will clearly frustrate the purpose of

10   deterrence, both general and specific.  On the other hand, the Court finds that the facts

11   relating to the factor "to provide the defendant with needed . . . medical care in the most

12   effective manner" have dramatically shifted since sentencing.  Now, this factor has much

13   greater weight when balancing it with the other factors.  Young is most likely receiving

14   excellent health care at BOP Lompoc given the pervasive presence of COVID-19 at that

15   facility.  The Court, however, finds that the most effective means of providing some

16   measure of assurance that he will be able to best preserve his health will be through home

17   confinement in a private residence where he can better be protected from the reach of the

18   pandemic.[1]

19

20

21          [1] Transfer to a BOP facility such as the Federal Detention Center in SeaTac, Washington
     might have been the best solution, but the BOP is apparently not using transfer as a means to
22   mitigate the spread of COVID-19 to medically high-risk inmates.

ORDER - 8

This resulting restriction of his liberty is clearly punitive and will provide just punishment when combined with the fifteen months of the 60-month prison sentence he has already served.[2]  In some respects, home confinement will result in less freedom of movement than he would have in a prison environment that offers large recreational areas and educational opportunities.  Thus, the Court "finds that the 'extraordinary and compelling circumstances' taken into account at the time of [Young's] sentencing are no longer the same circumstances now before the Court."  *Cosgrove*, CR15-230-RSM, 2020 WL 1875509, at *5.  Under the current circumstances, the Court concludes that Young has established an entitlement to compassionate release.

### 3.    Additional Term of Supervised Release

While the Court may "reduce the term of imprisonment," it also "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  18 U.S.C. § 3582(c)(1)(A).

In this case, the Court finds that a term of supervised release would adequately balance the seriousness of Young's offense and the need for his original sentence with the extraordinary and compelling circumstances that warrant his release. Therefore, the Court modifies Young's supervised release by imposing a term of supervised release with the specific condition of home confinement for the remainder of Young's original term of imprisonment and other conditions set forth below.

---

[2] The Court notes that the time spent by Young in Lompoc the last several weeks has been more difficult, stressful and punitive, than if there had not been the extensive infection of COVID-19 throughout the facility.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Young's motion for compassionate release, Dkt. 30, is **GRANTED** as follows:

1) Young's term of imprisonment imposed is reduced to the time the defendant has already served;

2) Young shall be released from the custody of the Bureau of Prisons **IMMEDIATELY** but no later than 24 hours of the entry of this Order;

3) The Court imposes a term of supervised release consistent with the maximum term possible but no longer than the unserved portion of the original term of imprisonment;

4) The term of supervised release shall include the condition of home confinement;

5) Young shall participate in the location monitoring program with Global Positioning Satellite technology via mobile application for the duration of the unserved portion of his original term of imprisonment (May 8, 2023). Young is restricted to his residence at all times except for medical necessities, court appearances, or other approved activities. Young shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist;

6) Young shall comply with all the other terms and conditions of supervised release set out in the original sentence and judgment dated July 10, 2019, Dkt. 28; and

7)  Young shall contact the United States Probation Office in Seattle and/or

California within 24 hours of his release and follow its instructions.

Dated this 22nd day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge